## MOULTON v. CORNISH.

APPEAL AND ERROR; DISCRETION; MOTION TO DISMISS APPEAL; AMENDMENT.

Where the clerk of the lower court by mistake issues a citation on an appeal by two parties in the name of one only, and at the suggestion of appellant's counsel, but without leave of the court and without notice to opposing counsel, amends the citation by inserting in it the name of the other appellant, it is within the discretion of this court to determine whether the appeal shall be dismissed. (Following *Slater* v. *Hamacher*, 15 App. D. C. 294, and distinguishing *Taylor* v. *Leesnitzer*, 31 App. D. C. 92.) And under such circumstances the appeal will not be dismissed, but the amendment by the clerk, although made without authority, will be adopted as if made in this court.

No. 1979. Submitted February 2, 1909. Decided February 4, 1909.

HEARING on a motion by the appellee to dismiss an appeal.
                                                        *Denied.*

The racts are stated in the opinion.

*Messrs. Maddox & Gatley* for the motion.

*Mr. John Ridout* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The appellee, George G. Cornish, moves to dismiss this appeal.

The record shows that H. B. Moulton filed a bill against George G. Cornish, alleging that he had assigned to Cornish a tontine policy of life insurance as collateral security for a debt, that he had paid the debt and demanded the policy, the return of which had been refused. Said policy had a surrender value. Cornish was about to surrender the same and receive the money thereon. Plaintiff prayed for the recovery of the policy, and for an injunction restraining the surrender of the same. The preliminary injunction was granted upon plaintiff's execution of a bond with Isaac S. Lyon as surety. After hearing on November 13, 1908, a decree was entered dissolving the injunction, dismissing the bill, and awarding defendant the sum of $990.34 as damages occasioned by the injunction, against the plaintiff and his surety, Lyon.

December 1, 1908, both appellants, Moulton and Lyon, represented by the same counsel, filed a notice of appeal from said decree, with direction to the clerk to issue citation thereon. It appears from an affidavit attached to the motion to dismiss, that the clerk issued the citation in the name of Moulton as appellant, omitting the name of Lyon. Counsel for appellee accepted service of the citation on December 7, 1909. On December 8 or 9 the clerk, at the suggestion of appellants' counsel, amended the writ by inserting the name of Lyon as an appellant also. No leave of court was obtained to amend the writ, and no notice was given to opposing counsel. The appeal bond, given on December 3, is not recited in the transcript, and pre-

sumably was given by both appellants in accordance with their notice of appeal. Evidently the failure to insert the name of Lyon in the citation was caused by the inadvertence of the clerk, who failed to follow the notice of appeal and order for the issue of the writ. Upon the discovery of the mistake, the appellants might have obtained leave to amend the citation, as the transcript had not been ordered or made. Not having done so, the question is whether the error can now be corrected and the appeal permitted to stand.

We are of the opinion that the facts stated present a question within the discretion of this court, and that it should be exercised under the circumstances. *Slater* v. *Hamacher,* 15 App. D. C. 294, 299, and cases therein cited. The decisions of this court cited in support of the motion to dismiss are not in point, nor do the facts bring it within the rule announced in *Taylor* v. *Leesnitzer,* 31 App. D. C. 92, 97, which case is distinguished from *Slater* v. *Hamacher.* The appellants did all that was required of them, and ought not to be held responsible for the mistake of the clerk. No possible injury can result to the appellee from the action of the clerk in amending the writ, though done without authority.

The motion to dismiss will therefore be denied. As the writ has been amended in fact, though without authority, there is no occasion for further amendment now, and the same will be adopted as if now here made.          *Motion denied.*